UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DWAIN MITCHELL,

                            Plaintiff,

      - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION and DAISY FONTANEZ,
former Principal of MS 415 Wadleigh
Secondary School for Visual and Performing
Arts,

                            Defendants.

**ORDER**

20 Civ. 1555 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se Plaintiff Dwain Mitchell – a former teacher at Wadleigh Secondary School

for Visual and Performing Arts ("Wadleigh") – alleges that he was subjected to age, race, and

gender discrimination and retaliation.  (Cmplt. (Dkt. No. 2))  Mitchell asserts claims against the

New York City Department of Education ("DOE") and Daisy Fontanez – Wadleigh's principal –

for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title

VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA");

42 U.S.C. § 1981 ("Section 1981"); the New York State Human Rights Law, N.Y. Exec. L.

§ 290 et seq. ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code

§ 8-101 et seq. ("NYCHRL").

        Defendants moved to dismiss all of Mitchell's claims with prejudice.  This Court

referred Defendants' motion to Magistrate Judge Sarah Cave for a Report and Recommendation

("R&R").  Judge Cave has issued an R&R recommending that Defendants' motion to dismiss be

granted, with leave to amend as to certain of Plaintiff's claims.  (See R&R (Dkt. No. 30))

Plaintiff objects to the R&R to the extent that Judge Cave recommends that his discrimination and retaliation claims under Title VII, the ADEA, Section 1981, the NYSHRL, and the NYCHRL be dismissed for failure to state a claim.  (Pltf. Obj. (Dkt. No. 34))  For the reasons stated below, Plaintiff's objections will be overruled, and the R&R will be adopted in its entirety.

## BACKGROUND

I.   FACTS[1]

Mitchell is a 67-year-old African-American man, who began working at the DOE in 1994.  (Cmplt. (Dkt. No. 2) at 8 ¶¶ 1-2)  During the 2016-17 and 2017-18 school years, Mitchell was a teacher at Wadleigh.  (Id. at 8 ¶¶ 3, 6)  The Complaint alleges that Mitchell was "the victim of age, race, and gender discrimination by the Wadleigh administration at DOE." (Id. at 8 ¶ 3)

Mitchell claims that he was an effective teacher, as "95% of [his] students passed on to the next grade, all of [his] seniors graduated, 2 of [his] students scored the highest Regents Test Scores in Social Studies at Wadleigh, 2 of [his] Special Education Students scored the highest Regents Global for Wadleigh, and 2 Art Students received full scholarships for their MOMA displayed artwork for photographic creativity."  (Id. at 8 ¶ 7)  Mitchell claims that Wadleigh did not provide him with support, however, and that administrators retaliated against him when he spoke out about the lack of support.  (Id. at 8 ¶¶ 5, 8-9)

---

[1]  The parties have not objected to Judge Cave's recitation of the alleged facts.  Accordingly, this Court adopts her account of the alleged facts in full.  See Silverman v. 3D Total Solutions, Inc., No. 18 Civ. 10231 (AT), 2020 WL 1285049, at *1 n.1 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section and takes the facts characterized therein as true."); Hafford v. Aetna Life Ins. Co., No. 16-CV-4425 (VEC)(SN), 2017 WL 4083580, at *1 (S.D.N.Y. Sept. 13, 2017) ("The parties do not object to the Magistrate Judge's . . . recitation of the facts of this case, and the Court adopts them in full.").

Mitchell complains that Wadleigh did not provide him with a co-teacher in two of his classes during the 2017-18 school year, as required by law.  (Id. at 8 ¶ 6)  Mitchell also complains that he had "no [a]dministrative support, no help with problem students, and there was no available Dean or Safety Officers at the school."  (Id. at 8 ¶ 5)

Mitchell contends that he was retaliated against by school administrators after he (1) complained about the lack of support; (2) testified in support of another teacher who was dismissed; and (3) created a March 2018 YouTube video entitled "Save Wadleigh," which urged the firing of Wadleigh's administrators, including its then principal, Defendant Daisy Fontanez. (Id. at 8 ¶¶ 5, 10, 11)

Mitchell claims that he suffered the following adverse employment actions: (1) Fontanez rated Mitchell "Ineffective" for the 2016-17 school year, despite his students' performance; (2) Mitchell was never given a tenure hearing, despite earning "tenure by estoppel"; and (3) Mitchell was terminated on June 25, 2018  (Id. at 8 ¶ 8-9, 13)

The Complaint further alleges that four other Wadleigh teachers were terminated "who were age 60 years or older, male, men of color, and earned salaries over $100,000 a year."[2] (Id. at 8 ¶ 4)

## II.     PROCEDURAL HISTORY

### A.     Administrative Proceedings and Complaint

On April 2, 2019, Mitchell filed a charge of discrimination with the New York State Division of Human Rights, which accepted the charge on behalf of the Equal Employment Opportunity Commission ("EEOC").  (Id. at 6, 11-14)  On January 11, 2020, Mitchell received a

---

[2]  The Complaint does not disclose when the four other Wadleigh teachers were terminated.

Dismissal and Notice of Rights advising him that the EEOC was closing its file on the charge because Mitchell wished to pursue his claims in federal court.  (Id. at 6, 10)

The Complaint was filed on February 20, 2020.  (Id. at 7)  Mitchell asserts claims against the DOE and Fontanez for:  (1) race and sex discrimination under Title VII; (2) race discrimination under Section 1981; (3) age discrimination under the ADEA; (4) age, race, and sex discrimination under the NYSHRL; and (5) age, race, and sex discrimination under the NYCHRL.  (Id. at 3-4)  Mitchell seeks the removal of his "Ineffective" rating, "restor[ation] [of his] salary[ and] back pay," and an order permitting him to "retire with full retirement benefits and medical benefits."  (Id. at 6)

### B.   <u>Motion to Dismiss and R&R</u>

Defendants moved to dismiss all of Plaintiff's claims, and this Court referred the motion to Magistrate Judge Sarah L. Cave for an R&R.[3]  (Mot. (Dkt. No. 13) at 1-2; Dkt. No. 17)

On May 7, 2021, Judge Cave issued a thorough 28-page R&R recommending that Defendants' motion to dismiss be granted, with leave to amend as to certain claims.  (R&R (Dkt. No. 30) at 2)

As to Mitchell's NYSHRL and NYCHRL claims against the DOE, Judge Cave recommends that they be dismissed with prejudice because it is "undisputed that Mitchell did not file a notice of claim."  (Id. at 9)

Judge Cave also finds that Mitchell's ADEA and Title VII discrimination claims against are Defendants are time-barred to the extent that they rely on alleged discriminatory acts that took place before June 6, 2018 – 300 days prior to Mitchell's filing of his charge of

---

[3]  Although Fontanez had not yet been served when the motion was filed, this Court granted the Defendants' request to deem the motion filed on behalf of Fontanez, <u>nunc pro tunc</u>.  (Dkt. No. 27)

discrimination with the New York State Division of Human Rights.  (Id. at 10-11)  Judge Cave

concludes that the only timely allegation of discrimination is Mitchell's termination on June 25,

2018.  (Id. at 11)

       Noting that Title VII and the ADEA do not impose liability on individuals, Judge

Cave recommends that Mitchell's ADEA and Title VII claims against Fontanez be dismissed

with prejudice.  (Id. at 11-12)

       Judge Cave also recommends that Mitchell's discrimination claims under Title

VII, the ADEA, Section 1981, the NYSHRL, and the NYCHRL be dismissed for failure to state

claim, because the Complaint does not plead facts demonstrating a causal connection between

Mitchell's age, gender, or race and the adverse employment actions he experienced.  (Id. at 17)

       As to Plaintiff's retaliation claims under Title VII, the ADEA, Section 1981, the

NYSHRL, and the NYCHRL, Judge Cave finds that "the Complaint does not allege that Mitchell

engaged in any protected activity known to Defendants."  She recommends that these claims be

dismissed with leave to amend.  (Id. at 23)

       Judge Cave also recommends that Mitchell's Monell claim under Section 1981 be

dismissed with leave to amend, because he "does not identify a municipal policy that led to any

purported constitutional violation."  (Id. at 24-25)

       Finally, and in response to new factual allegations set forth in Mitchell's

opposition brief, Judge Cave recommends that he be granted leave to plead – in an amended

complaint – a "Rehabilitation Act claim predicated on the complaints he filed on behalf of

special education students within a month of his termination."  (Id. at 25-26)

### C.        Plaintiff's Objections

Mitchell filed objections to the R&R on July 12, 2021.  (Pltf. Obj. (Dkt. No. 34))

Mitchell objects to Judge Cave's finding that his discrimination and retaliation claims fail to state

a claim.  Mitchell contends that he has pled sufficient facts to plausibly allege these claims.  (Id.

at 7-9)  Defendants contend that the R&R should be adopted in its entirety.  (Def. Opp. (Dkt. No.

35) at 8-10)

<h3 align="center">DISCUSSION</h3>

## I.        LEGAL STANDARDS

### A.        Review of a Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to a

magistrate judge's recommendation, the district judge "shall make a de novo determination of

those portions of the report or specified proposed findings or recommendations to which

objection is made."  Id.

However, "[o]bjections that are merely perfunctory responses argued in an

attempt to engage the district court in a rehashing of the same arguments set forth in the original

papers will not suffice to invoke de novo review."  Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d

201, 211 (S.D.N.Y. 2013) (citation, quotation marks, and alteration omitted).  "[T]o the extent

. . . that the [objecting] party makes only conclusory or general arguments, or simply reiterates

the original arguments, the Court will review the [R&R] strictly for clear error."  DiPilato v. 7-

Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) (citation and quotation marks omitted).

Although "[t]he objections of parties appearing pro se are generally accorded leniency and

6

should be construed to raise the strongest arguments that they suggest . . . [,] even a <u>pro</u> <u>se</u> party's objections to a[n] [R&R] must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." <u>Id.</u> at 340 (citations and quotation marks omitted).

For portions of the R&R to which no objection is made, a court's review is limited to a consideration of whether there is any "clear error on the face of the record" that precludes acceptance of the recommendations. <u>Wingate v. Bloomberg</u>, No. 11-CV-188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (citation and quotation marks omitted).

**B.    <u>Rule 12(b)(6) Standard</u>**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "In considering a motion to dismiss[,] . . . the court is to accept as true all facts alleged in the complaint," and must "draw all reasonable inferences in favor of the plaintiff." <u>Kassner v. 2nd Ave. Delicatessen Inc.</u>, 496 F.3d 229, 237 (2d Cir. 2007). A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Port Dock & Stone Corp. v. Oldcastle Northeast Inc.</u>, 507 F.3d 117, 121 (2d Cir. 2007) (citing <u>Twombly</u>, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to establish entitlement to relief]." <u>Iqbal</u>, 556 U.S. at 678.

In resolving a motion to dismiss, a court may "consider . . . the complaint and any documents attached thereto or incorporated by reference and documents upon which the

complaint relies heavily." Bldg. Indus. Elec. Contractors Ass'n v. City of N.Y., 678 F.3d 184,

187 (2d Cir. 2012) (citation and quotation marks omitted).

A "pro se complaint . . . [is] interpret[ed] . . . to raise the 'strongest [claims] that

[it] suggest[s].'" Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quoting Triestman v. Fed.

Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam)). "However, although pro

se filings are read liberally and must be interpreted 'to raise the strongest arguments that they

suggest,' a pro se complaint must still 'plead sufficient facts to state a claim to relief that is

plausible on its face.'" Wilder v. U.S. Dep't of Veterans Affairs, 175 F. Supp. 3d 82, 87

(S.D.N.Y. 2016) (citations omitted).  Moreover, "the court need not accept as true 'conclusions

of law or unwarranted deductions of fact,'" Whitfield v. O'Connell, No. 09 Civ. 1925 (WHP),

2010 WL 1010060, at *4 (S.D.N.Y. Mar. 18, 2010) (quoting First Nationwide Bank v. Gelt

Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994)), and "'[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice,'" even where a

plaintiff is proceeding pro se, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 556

U.S. at 678).

## II.   ANALYSIS

### A.   Standard of Review for Plaintiff's Objections

As noted above, Mitchell objects to the R&R to the extent that Judge Cave finds

that the Complaint fails to state a claim for discrimination or retaliation under Title VII, the

ADEA, Section 1981, the NYSHRL, and the NYCHRL.  (Pltf. Obj. (Dkt. No. 34) at 10-12)

Mitchell complains that "[t]he magistrate judge has created an almost impossible standard for

pleadings," and contends that his discrimination and retaliation claims are adequately pled.  (Id.

at 10-12)

In his objections, however, Mitchell merely repeats arguments that he made in his original opposition to Defendants' dismissal motion.  (Compare Pltf. Obj. (Dkt. No. 34) at 10-12, with Pltf. MTD Opp. (Dkt. No. 22) at 8-11)  Accordingly, this Court will review those portions of the R&R that Mitchell has objected to for clear error.  See DiPilato, 662 F. Supp. 2d at 339.

**B.**    **Mitchell's Discrimination Claims**

Mitchell's discrimination claims – whether brought under Title VII, the ADEA, Section 1981, the NYSHRL, or the NYCHRL – are subject to the familiar McDonnell Douglas burden shifting framework.  Plaintiff must plead facts showing "'(1) that he belonged to a protected class; (2) that he was qualified for the position he held; (3) that he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent.'"  Sassaman v. Gamache, 566 F.3d 307, 312 (2d Cir. 2009) (quoting Holcomb v. Iona Coll., 521 F.3d 130, 137 (2d Cir. 2008)); see also Dabney v. Christmas Tree Shops, 958 F. Supp. 2d 439, 450 n.11 (S.D.N.Y. 2013) (analyzing discrimination claims under Title VII, the ADEA, and the NYSHRL together under the first step of the McDonnell Douglass burden-shifting framework, under which a plaintiff must establish a prima facie case of discrimination); Pachecho v. N.Y. Presbyterian Hosp., 593 F. Supp. 2d 599, 629 (S.D.N.Y. 2009) (analyzing Section 1981 claim under the McDonnell Douglass framework and determining that a failure to adequately plead a Title VII claim is "equally fatal" to plaintiff's Section 1981 claim); Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 95 (2d Cir. 1999) (analyzing NYSHRL and NYCHRL race discrimination claims together under McDonnell Douglass framework).

In her R&R, Judge Cave concludes that "Mitchell's assertion that he was the victim of age, race, and gender discrimination, as currently pled in the Complaint, is conclusory,

based on Mitchell's belief and speculation, and does not plausibly establish his discrimination claim."  (R&R (Dkt. No. 30) at 17).  This Court sees no error – let alone clear error – in that conclusion.

The Complaint merely describes adverse employment actions that Mitchell experienced, without linking those adverse employment actions in any way to Mitchell's age, race, or gender.  And while Mitchell asserts that he "was targeted and discriminated against by Principal Daisy Fontanez . . . based on being an older, African American male," and that he "believe[s] [he] ha[s] been the victim of age, race, and gender discrimination by the Wadleigh administration at DOE" (Cmplt. (Dkt. No. 2) at 8 ¶ 3), such conclusory statements – unsupported by facts giving rise to an inference of discriminatory intent – are insufficient to establish a prima facie case of discrimination.  See Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015) (in order to survive a motion to dismiss, a complaint must allege facts that "give plausible support to a minimal inference of discriminatory motivation"); Gaddy v. Waterfront Comm'n, No. 13 Civ. 3322 (AT) (HBP), 2014 WL 4739890, at *5 (S.D.N.Y. Sept. 19, 2014) ("Naked assertions of race discrimination, without any supporting facts, are insufficient to state a Section 1981 claim."); Ortiz v. Standard & Poor's, No. 10 Civ. 8490 (NRB), 2011 WL 4056901, at *3 (S.D.N.Y. Aug. 29, 2011) ("The fact that plaintiff was (a) fifty-nine years old and (b) terminated, cannot, without more, constitute a plausible age discrimination claim.").

In his opposition brief and in his objections, Mitchell asserts additional facts that are not alleged in the Complaint.  (See, e.g., Pltf. MTD Opp. (Dkt. No. 22) at 9 (claiming that "younger teachers were given tenure and continued to work at the school"); Pltf. Obj. (Dkt. No. 34) at 10 (alleging that "older, African American teachers were discontinued by Principal Daisy Fontanez and replaced by younger teachers"))  But factual allegations not found in the Complaint

cannot defeat a motion to dismiss.  See Chartwell Therapeutics Licensing, LLC v. Citron Pharma LLC, 16-CV-3181 (RPK) (CLP), 2020 WL 7042642, at *9-10 (E.D.N.Y. Nov. 30, 2020) (disregarding new factual allegations in plaintiff's opposition brief).  Accordingly, while Mitchell may present new factual allegations in an amended complaint, Judge Cave did not err in concluding that the Complaint does not plead facts that demonstrate a prima facie case of discrimination.

### C.    Mitchell's Retaliation Claims

To make out a prima facie case of retaliation under Title VII, the ADEA, Section 1981, NYSHRL, or NYCHRL, a plaintiff must allege facts that show "'(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action.'"  Littlejohn, 795 F.3d at 316 (quoting Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010) (addressing standard for retaliation claims under Title VII and Section 1981); see also Hicks, 593 F.3d at 164 (applying same analysis to retaliation claims under the NYSHRL); Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010) (applying same framework to retaliation claims under the ADEA); United States v. N.Y.C. Dep't of Educ., 407 F. Supp. 3d 365, 402 & n.17 (S.D.N.Y. 2018) (applying same analysis to retaliation claims under the NYCHRL, but explaining that "the plaintiff's burden is generally reduced under the NYCHRL" with respect to what constitutes an adverse employment action and the degree of causal connection).

"Protected activity" for purposes of a retaliation claim is "action taken to protest or oppose statutorily prohibited discrimination."  Natofsky v. City of New York, 921 F.3d 337, 354 (2d Cir. 2019) (quotation marks and citation omitted).  "Complaining about general

unfairness, unaccompanied by any indication that plaintiff's protected class status caused the unfairness, does not qualify as protected activity."  Batiste v. City Univ. of N.Y., 16-CV-3358 (VEC), 2017 WL 2912525, at *10 (S.D.N.Y. July 7, 2017) (citing, inter alia, Rojas v. Roman Cath. Diocese of Rochester, 660 F.3d 98, 107-08 (2d Cir. 2011)).

   Here, the Complaint – liberally construed – alleges that Mitchell suffered retaliation as a result of (1) "speaking out about [his] classroom and school issues during October 2017"; (2) appealing his "Ineffective" rating for the 2016-2017 school year; (3) "giving sworn testimony to the DOE Office of Special Investigations in support of teacher Adalaida Kavaja," after she was accused of helping her students cheat on a Regents exam; and (4) "creating a YouTube video on 3/18/2018, called 'Save Wadleigh' demanding the school remain open and Principal Fontanez and Superintendent Altschul be removed from Wadleigh due to poor management, teacher displeasure, and community outrage with them."  (Cmplt. (Dkt. No. 2) at 8 ¶¶ 5, 9-11)

   Judge Cave correctly finds that the Complaint does not plausibly allege that any of these activities are "protected activities" for purposes of Mitchell's retaliation claims.  The Complaint does not suggest that Mitchell's activities were in any way "taken to protest or oppose statutorily prohibited discrimination."  Natofsky, 921 F.3d at 354 (quotation marks and citation omitted).  Rather, the allegations "show workplace difficulties entirely consistent with non-race, [non-age, and] non-gender-based . . . disputes that are plainly not actionable under statutes intended to root out discrimination on the bases of certain statutorily defined protected characteristics."  Williams v. Time Warner Inc., No. 09 Civ. 2962 (RJS), 2010 WL 846970, at *4 (S.D.N.Y. Mar. 3, 2010), aff'd, 440 F. App'x 7 (2d Cir. 2011); see also Natofsky, 921 F.3d at 353-54 ("[A]ppealing a negative performance review is not a protected activity that can give rise

to a retaliation claim."). Accordingly, the Complaint does not plead facts sufficient to make out a prima facie case of retaliation under Title VII, the ADEA, Section 1981, the NYSHRL, or the NYCHRL.

In his opposition brief and in his objections, Mitchell asserts new facts in support of his retaliation claims. (See Pltf. MTD Opp. (Dkt. No. 22) at 10; Pltf. Obj. (Dkt. No. 34) at 11-12) As discussed above, Judge Cave correctly declined to consider these new factual allegations, because a plaintiff cannot defeat a motion to dismiss by alleging – in briefing – facts not pled in the complaint.

### D.   Mitchell's Remaining Claims and Leave to Amend

Neither Mitchell nor Defendants object to the remainder of the R&R, in which Judge Cave recommends: (1) dismissing Mitchell's NYSHRL and NYCHRL claims against the DOE; (2) dismissing Mitchell's Title VII and ADEA claims to the extent that they rely on discrete discriminatory acts that took place before June 6, 2018; (3) dismissing Mitchell's Title VII and ADEA claims against Defendant Fontanez; (4) dismissing Mitchell's Section 1981 claims against the DOE; and (5) granting Mitchell leave to file an amended complaint. (R&R (Dkt. No. 30) at 8-12, 23-27) This Court finds no error in those portions of the R&R.

As to Mitchell's NYSHRL and NYCHRL claims against the DOE, Judge Cave correctly concludes that Mitchell's failure to file a notice of claim requires dismissal of these claims. See Bacchus v. N.Y.C. Dep't of Educ., 137 F. Supp. 3d 214, 234 (E.D.N.Y. 2015) ("Section 3813 states that no action shall proceed against a school district unless 'it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action . . . is founded was presented to the governing body of said district or school within three months after the accrual of such claim.'" (quoting N.Y. Educ. L. § 3813(1))).

13

These claims are properly dismissed without leave to amend, because it is undisputed that Mitchell did not file a notice of claim.

To the extent that Plaintiff's Title VII and ADEA claims are based on discrete discriminatory actions that took place before June 6, 2018, Judge Cave correctly concludes that they are time-barred.  Both Title VII and the ADEA require that an employee alleging discrimination file a claim with the EEOC within 300 days of the discriminatory action.  See Vega v. Hempstead Union Free Sch. Dis., 801 F.3d 72, 78-79 (2d Cir. 2015) (citing 42 U.S.C. § 2000e-5(e)(1), which sets forth the 300-day requirement for Title VII); Tewksbury v. Ottaway Newspapers, 192 F.3d 322, 328 (2d Cir. 1999) (citing 29 U.S.C. § 626(d), which sets forth the 300-day requirement for the ADEA).  Because it is undisputed that Mitchell did not file his discrimination charge until April 2, 2019, his Title VII and ADEA claims are time-barred to the extent they are based on discrete discriminatory acts that took place more than 300 days before that date – i.e., before June 6, 2018.

As Judge Cave finds, Mitchell's Title VII and ADEA claims against Defendant Fontanez must be dismissed, because those statutes do not impose liability on individuals.  See Williams v. N.Y.C. Dep't of Educ., 17-cv-1996 (AJN), 2018 WL 4735713, at *4 (S.D.N.Y. Sept. 29, 2018) ("In this circuit, it is long settled that individual defendants may not be subject to liability under Title VII. . . . The same logic applies to the ADEA.").  Because this defect cannot be cured, leave to amend is properly denied.  (See R&R (Dkt. No. 30) at 12, 27)

As to municipal liability, Judge Cave correctly concludes that Mitchell's Section 1981 Monell claim fails, because "the Complaint does not identify a municipal policy that led to any purported constitutional violation."  (Id. at 23); see Patterson v. Cnty. Of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) ("[W]hen the defendant sued for discrimination under § 1981 or

14

§ 1983 is a municipality . . . [,] the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom.")  While the actions of a municipal policymaker can suffice to establish Monell liability, Judge Cave also correctly concludes that "Mitchell cannot predicate Monell liability on Principal Fontanez's acts of discipline and school administration, because the Second Circuit recognizes that the chancellor of the DOE 'appears to be the final policymaker for the [DOE] with respect to teacher discipline and school administration.'"  (R&R (Dkt. No. 30) at 24) (quoting Agosto v. N.Y.C. Dep't of Educ., 982 F.3d 86, 99 (2d Cir. 2020))

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety.  Mitchell's (1) NYSHRL and NYCHRL claims against the DOE, (2) Title VII and ADEA claims premised on discrete acts occurring before June 6, 2018, and (3) Title VII and ADEA claims against Defendant Fontanez, are dismissed without leave to amend.  Mitchell's remaining claims are dismissed with leave to amend.  See, e.g., Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) ("'Generally, leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim.'" (quoting Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000))).

Any amended complaint may include a claim under Section 504 of the Rehabilitation Act.  Any amended complaint is to be filed by March 24, 2022.

The Clerk of Court is directed to terminate the motion (Dkt. No. 13), and to mail a copy of this order to Plaintiff.

Dated: New York, New York
      March 3, 2022

                                       SO ORDERED.

                                       Paul G. Gardephe
                                       United States District Judge